IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIA KOVARIKOVA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO 1:15-CV-2218 |
| v. | : | |
| | : | Honorable John E. Jones, III |
| WELLSPAN GOOD SAMARITAN | : | |
| HOSPITAL, and ROBERT LONGO, | : | |
| | : | |
| Defendants | : | |

## MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT (*Nunc Pro Tunc*)

Defendants, WellSpan Good Samaritan Hospital and Robert J. Longo, by and through their undersigned counsel, Buzgon Davis Law Offices, respectfully move this Honorable Court for reconsideration, and in support thereof aver as follows:

1. On November 19, 2015, Dr. Daria Kovarikova, a former employee of Good Samaritan Hospital, filed a five-count complaint challenging changes that Good Samaritan made to its pension plan in 2014. Specifically, Good Samaritan decided to stop contributing to its defined benefit pension plan for all employees under 60 years old at the time and instead provided these employees with a defined contribution pension plan moving forward. Dr. Kovarikova, who was 59 years old at the time, alleged that the change lowered the value of her Good Samaritan retirement benefits.

2. Dr. Kovarikova's original complaint named as defendants Good Samaritan, Robert Longo (the hospital's former chief executive officer), and WellSpan Health, a health care system that became associated with Good Samaritan over a year after the events alleged in Dr. Kovarikova's Complaint. The original Complaint[1] asserted the following claims: violation of ERISA § 409, 29 U.S.C. § 1109; violation of the ADEA, 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*; claims under Pennsylvania common law for breach of contract and constructive fraud; and a claim for violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*

3. On February 22, 2016, Dr. Kovarikova filed the Amended Complaint,[2] which asserted the same five claims from the original Complaint, plus additional Pennsylvania common law claims and claims under the Stark Act, 42 U.S.C. § 1395nn, the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and the False Claims Act, 31 U.S.C. § 3729.

4. On March 4, 2016, Defendants filed a Motion to Strike the Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.[3] The Court

---

[1] (Doc. 1).
[2] (Doc. 16).
[3] (Doc. 17).

issued a Memorandum and Order on April 7, 2016,[4] which struck all of the claims added in the Amended Complaint.

5. On April 20, 2016, Defendants filed a Motion to Dismiss the Amended Complaint,[5] seeking dismissal of the claims from the original Complaint. By Order dated October 19, 2016, the Court granted in part and denied in part Defendants' motion to dismiss the Amended Complaint.[6] Specifically, the Court refused to dismiss the ERISA claim against Good Samaritan and Longo, but dismissed all other claims, including all claims against WellSpan Health.

6. Following discovery, Good Samaritan and Longo moved for summary judgment.[7] On March 8, 2018, the Court denied that motion.[8]

7. Through the current motion, Defendants seek reconsideration of that Order and an order granting the previously filed Motion for Summary Judgment.

8. Defendants recognize the filing of this Motion is untimely due to a diary error, and respectfully request the Court's examination.

9. The Court's rulings regarding the genuinely undisputed facts required that the court find that Dr. Daria Kovarikova failed to adduce evidence that Defendants

---

[4] (Doc. 25).
[5] (Doc. 32).
[6] (Doc. 43).
[7] (Doc. 51).
[8] (Doc. 62).

violated § 409(a) of the Employee Retirement and Income Security Act ("ERISA").

10. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a motion for consideration may only be granted based upon "(1) an intervening change in the controlling law," "(2) the availability of new evidence . . . " or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 179 F.3d 669, 677 (3d Cir. 1999).

11. Defendants' motion focuses exclusively on the court's decision denying summary judgment. Specifically, Defendants' position is that the court made clear legal errors by holding that Dr. Kovarikova has adduced sufficient evidence for a jury to conclude that Defendants made material misrepresentations and that she detrimentally relied on the alleged material misrepresentations. Instead, the genuinely undisputed facts that the court recognized required that the court rule that Plaintiff had failed to adduce evidence of a material dispute regarding these topics. Accordingly, Defendants request that the court enter an order reconsidering its prior ruling and granting Defendants' Motion for Summary Judgment.

12. Counsel for Dr. Kovarikova was contacted and concurrence was not obtained.

4

Accordingly, Defendants respectfully request the Court reconsider its previous order and grant Defendants' Motion for Summary Judgment.

Respectfully Submitted,

*/s/ Peggy M. Morcom*
Peggy M. Morcom, Esquire
Bar ID:  92463
Buzgon Davis Law Offices
525 S. 8th Street
Lebanon, PA 17042
(717) 454-0804
Morcom@buzgondavis.com
*Attorney for Defendants Good Samaritan Hospital and Robert Longo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 29th day of March, 2018, a true and correct copy of the foregoing document has been filed with the Court's CM/ECF system and is available for downloading:

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg, PLLC
1015 18th Street, N.W., Suite 204
Washington, DC 20036
jhe@becounsel.com

Jaromir Kovarik, Esq.
KTHL Law Offices, P.C.
412 Chestnut Street, Suite 100
Lebanon, PA 17042
Jaromir.kovarik@kthl.net

David J. Freedman, Esquire
Barley Snyder, LLP
126 East King Street
Lancaster, PA 17602
dfreedman@barley.com


*/s/ Peggy M. Morcom*
Peggy M. Morcom, Esquire
ID No.: 92463)
Buzgon Davis Law Offices
525 S. 8th Street
Lebanon, PA 17042
(717) 454-0804
Morcom@buzgondavis.com
*Attorney for Defendants Good Samaritan Hospital
and Robert Longo*