# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIA KOVARIKOVA, | |
| Plaintiff, | 1:15-cv-2218 |
| v. | Hon. John E. Jones III |
| WELLSPAN GOOD SAMARITAN HOSPITAL and ROBERT J. LONGO, | |
| Defendants. | |

## MEMORANDUM

### May 7, 2018

Presently pending before the Court is Defendants' Motion for Reconsideration, (Doc. 63), of our order denying Defendants' Motion for Summary Judgment. (Doc. 62). For the reasons that follow, we shall grant Defendants' Motion for Reconsideration.

## I. BACKGROUND

This case involved a claimed breach of fiduciary duty pursuant to § 409(a) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1109(a), the facts of which were fully set forth in our order denying summary judgment. (Doc. 62). In sum, Plaintiff, Daria Kovarikova, alleged that Defendants, through agents and co-fiduciaries, misrepresented to her that her retirement benefit plan

1

would not change or would only change to her advantage when Defendants terminated the residency program of which she was a part. Plaintiff claimed she relied on the misrepresentation and suspended her search for a new job under the mistaken belief that, in addition to receiving a retention bonus for remaining employed with Defendants, her existing benefits would not change.

Defendants ultimately filed a motion for summary judgment, which we denied. In the memorandum accompanying our order, we found that the representations Plaintiff relied on were not material at the time because changes to the retirement plan were not yet being seriously considered. However, we found that Defendants had a duty to correct Plaintiff's misunderstanding once the plan changes *were* being seriously considered.

Defendants now seek reconsideration of our order. The motion has been fully briefed, (Docs. 64, 65, 66), and is ripe for our review.

## II. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Thus, the moving party must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's*

*Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Rearick v. Spanier*, No. 4:11-cv-624, 2011 WL 5920713, at *1 (M.D.Pa. Nov. 28, 2011) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa. 2002)). "[T]he reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly." *Id.* (citing *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D.Pa. 1999)).

## IV. DISCUSSION

Defendants acknowledge from the outset that their motion is untimely. Per our Local Rule 7.10, motions for reconsideration must be filed within fourteen days of the date of the pertinent order. Defendants' motion, in this case, was filed seven days late. Plaintiff argues that, on this basis alone, Defendants' motion should be denied. Defendants argue that the delay was excusable and Plaintiff is not prejudiced by the late filing. We will begin by considering the timeliness issue and then proceed to analyze the merits of Defendants' motion.

### A. Timeliness of Motion

As noted above, Defendants' motion was seven days late. "Noncompliance with a local rule governing timeliness is enough to warrant denial of the requested

relief." *Nittany Outdoor Advertising, LLC v. College Township*, 179 F.Supp.3d 436, 439 (M.D.Pa. 2016). Nevertheless, "courts are permitted, where appropriate, to accept late filings even where caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control." *In re Cendant Corp. PRIDES Litigation*, 235 F.3d 176, 181 (3d Cir. 2000). This is commonly referred to as an "excusable neglect" analysis.

The United States Supreme Court had delineated four factors in conducting an "excusable neglect" analysis: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). Defendants explain that their late filing is a result of an inadvertent diary mistake. We fail to see how Plaintiff is prejudiced by a motion for reconsideration filed seven days late. As Defendants correctly note, pretrial deadlines had been continued to accommodate medical treatment for Plaintiff's lead counsel. Furthermore, the delay was merely one week and has little to no impact on the judicial proceedings. Finally, as noted, the delay was due to a careless mistake, not to anything suggesting bad faith. We find, therefore, that the seven-day delay is excusable and shall consider the merits of Defendants' motion.

## B. Merits of Reconsideration Motion

Defendants argue that the Court made clear errors of law in three ways: first, that the alleged statements do not qualify as material misrepresentations and Defendants had no duty to go back and correct Plaintiff's understanding; second, that Plaintiff provided no evidence that she relied on the alleged statements; and third, that Plaintiff provided no evidence that she suffered damages.

Clear error of law is not found where a party simply disagrees with the Court's analysis of the case law. *See Wilkerson v. Samuels*, Civ. No. 3:12-CV-1462, 2012 WL 7145714, at * 2 (M.D.Pa. Dec. 13, 2012). A judgment must be "dead wrong" to be clear error. *Bancroft Life & Cas. v. Lo*, No. 12-cv-1431, 2013 WL 1063864, at *2 (W.D.Pa. Mar. 14, 2013) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.,* 866 F.2d 228, 233 (7th Cir. 1988)). Against this backdrop, we consider Defendants' three arguments.

Defendants first argue that the alleged statements do not qualify as material misrepresentations and that they had no duty under ERISA to correct Plaintiff's understanding about whether her benefits would change. Defendants argue that the Court misapplied Third Circuit precedent to create a duty that does not exist: specifically, the duty to go back and correct a statement about future benefits that, while not a material misrepresentation at the time, became misleading once a change in benefits took place. Defendants suggest that the Court blended two lines

5

of Third Circuit case law that are consistent but distinct. Upon careful reconsideration, we agree and concede that we erred.

In *Fischer v. Philadelphia Elec. Co.*, 96 F.3d 1533 (3d Cir. 1996) ("*Fischer II*"), the Third Circuit set forth the standard for reviewing statements of a fiduciary made to a plan participant regarding future benefits, that is, possible changes to a benefit plan. In our memorandum and order denying summary judgment, we outlined this standard. Under *Fischer II*, part of the analysis is whether a misstatement is material, which requires that the proposed change be under serious consideration at the time the statement is made. Based on the undisputed facts, we determined that the statements in this case were made before the plan changes were being seriously considered. Thus, under the *Fischer II* test, Plaintiff's claim would fail.

However, we also looked to *Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292 (3d Cir. 1993). In *Bixler*, the Third Circuit articulated a duty on fiduciaries to not only avoid misinforming beneficiaries, but also to "inform when the trustee knows that silence might be harmful." 12 F.3d at 1300. The Court in *Bixler* was concerned with fiduciaries only providing the specific information that a plan beneficiary requested about his or her benefits and omitting any other relevant information that the beneficiary might need to know. Thus, the Third Circuit held that a fiduciary must "convey complete and accurate

6

information" to the beneficiary, "even if that information comprises elements about which the beneficiary has not specifically inquired." 12 F.3d at 1300. Based on *Bixler*, we held that Defendants in this case had a duty to inform Plaintiff of the plan changes once they were seriously being considered because Defendants were on notice that Plaintiff was operating under the impression that her benefits were not going to change. We now agree with Defendants that this holding is inconsistent with the *Fischer II* and *Bixler* lines of cases.

In *Muschalla v. Teamsters Local No. 863 Pension Fund*, 300 F.3d 391 (3d Cir. 2002), the Third Circuit clarified that "[w]hile the two lines of cases [i.e., *Fischer II* and *Bixler*] are consistent, they do not overlap. *Bixler* applies to existing benefits, *Fischer II* applies to possible benefits." 300 F.3d at 398. In conducting our analysis, we inadvertently omitted this subtle nuance and fashioned a duty that does not fit established Third Circuit precedent.

Plaintiff's ERISA claim rested on the statements made to her before the plan changes were under serious consideration. Plaintiff has not alleged that she was given incomplete information about existing benefits. Indeed, the evidence clearly would not support such an allegation. By time the changes to the plan went into effect – that is, became her existing benefits – Defendants had provided all employees with information about the change and established information sessions to fully explain the changes. Thus, the evidence does not support any contention

that Plaintiff was misinformed about *existing* benefits at any time. Plaintiff's allegations, rather, focus on statements made about *possible* benefits. That requires a *Fischer II* analysis, which we already said could not be sustained by the evidence. Because the plan changes were not under serious consideration when the statements were made, they were not material misrepresentations. Without a material misrepresentation, Plaintiff cannot sustain her ERISA claim.

Therefore, Plaintiff's claim fails on the first element and our order denying summary judgment must be vacated. Upon proper application of Third Circuit precedent, Defendants are entitled to summary judgment as a matter of law. Furthermore, because we are granting Defendants' Motion for Reconsideration on this basis, we need not consider Defendants' remaining arguments.

## V. CONCLUSION

For the reasons stated above, we shall grant Defendants' Motion for Reconsideration. A separate order shall issue in accordance with this ruling.

    s/ John E. Jones III  
John E. Jones III  
United States District Judge